# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **MARIA ELENA PIÑA-ARELLANO, et al.,** }<br>}<br>**Plaintiffs,** }<br>}<br>v. }<br>}<br>**EL MONTE CORPORATION et al.,** }<br>}<br>**Defendant.** | Case No.: 5:14-cv-01929-MHH |

## MEMORANDUM OPINION

This opinion concerns three proposed FLSA settlements. In their complaint, plaintiffs Maria Elena Piña-Arellano, Gerardo Piña-Arellano, and Ricardo Gonzalez Montes de Oca contend that defendants El Monte Corporation and Armando Flores-Urbina violated provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*. The parties have agreed to settle the plaintiffs' FLSA claims, and they have asked the Court to review the terms of the proposed settlements. (Docs. 22-23). For the reasons stated below, the Court approves the plaintiffs' settlements because they are fair and reasonable compromises of a bona fide dispute.

I.  **BACKGROUND**

Plaintiffs Maria Elena Piña-Arellano and Gerardo Piña-Arellano filed this action on October 10, 2014. (Doc. 1). On November 24, 2014, the plaintiffs amended their complaint to add Ricardo Gonzalez Montes de Oca as a plaintiff. (Doc. 8). In their second amended complaint, the plaintiffs allege that Ms. Piña-Arellano and Mr. Piña-Arellano worked as servers at the defendants' restaurant for approximately three years starting in the fall of 2011. (Doc. 8, ¶¶ 14, 19).[1] The plaintiffs also allege that Mr. Gonzalez currently works as a server at the defendants' restaurant, and he started working there in November 2010. (Doc. 8, ¶¶ 14, 19). The plaintiffs contend that they received for their work only tips and that the defendants did not satisfy minimum wage requirements for the hours that the plaintiffs worked during their periods of employment. (Doc. 8, ¶¶ 20, 29, 33). Additionally, Ms. Piña-Arellano and Mr. Piña-Arellano claim that the defendants did not properly pay overtime wages during the relevant time period. (Doc. 8, ¶¶ 17-18). The plaintiffs seek back wages, liquidated damages, and all reasonable costs and attorney's fees. (Doc. 8, pp. 9-10).

The defendants dispute the plaintiffs' alleged employment dates, the extent to which Ms. Piña-Arellano's and Mr. Piña-Arellano's work hours exceeded 40 hours each week, and the plaintiffs' claims that they only worked for tips and did

---

[1] Mr. Piña-Arellano had a leave of absence from the defendants' restaurant at some point during this time period, the length of which the parties dispute. (Doc. 8, ¶ 14).

not receive the applicable minimum wage.  (Doc. 11, pp. 4-5).  The defendants also raise affirmative defenses and argue that the plaintiffs are not entitled to relief under the FLSA.  (Doc. 11, pp. 7-10).  The defendants contend that any alleged FLSA violations were made in good faith.  (Doc. 11, p. 9).

With the assistance of a mediator, the parties negotiated a settlement of the plaintiffs' FLSA claims.  (Doc. 23-1).  In exchange for dismissing this action with prejudice, the defendants have agreed to pay $32,922.75 to Ms. Piña-Arellano, $21,336.00 to Mr. Piña-Arellano, and $34,816.00 to Mr. Gonzalez, totaling $89,074.75 in back wages.  (Doc. 22, p. 12).[2]  The defendants also have agreed to pay $60,925.25 to plaintiffs' counsel for legal fees and expenses.  (Doc. 22, p. 14). The parties' settlement agreement provides that the defendants will pay the plaintiffs and their attorneys $30,000.00 as an initial down payment.  (Doc. 22, p. 15; Doc. 23-1).  Starting the month after the down payment and continuing for 24 months, the defendants will pay the plaintiffs and their attorneys $5,000.00 per month. (Doc. 22, p. 15; Doc. 23-1).[3]

The parties represent that the settlement will fully compensate the plaintiffs because it will provide the plaintiffs with the maximum amount of back wages

---

[2] The parties calculated the settlement figures for back wages by multiplying the number of regular and overtime hours that the plaintiffs claim to have worked by the respective minimum wage and overtime rates.  (Doc. 22, pp. 10-12).

[3] The allocation of the down payment and the monthly payments are established in the parties' joint motion for approval of the settlement agreement.  (Doc. 22, pp. 15-16).

potentially available under the FLSA. (Doc. 22, p. 14). The plaintiffs believe that the cause of action has merit and that the evidence supports their position, and the defendants continue to deny the plaintiffs' allegations; however, the parties acknowledge that the time, expense, uncertainty, and difficulty associated with litigation to a final judgment make settlement a preferable resolution. (Doc. 22, p. 2). In September 2015, the Court held a hearing on the parties' proposed settlement. A transcript of that hearing is available upon request.

On this record, the Court considers the parties' motion to approve the proposed settlement of the plaintiffs' FLSA claims.

## II.   DISCUSSION

"Congress enacted the FLSA in 1938 with the goal of 'protect[ing] all covered workers from substandard wages and oppressive working hours.' Among other requirements, the FLSA obligates employers to compensate employees for hours in excess of 40 per week at a rate of 1 ½ times the employees' regular wages." *Christopher v. SmithKline Beecham Corp.*, 132 S. Ct. 2156, 2162 (2012) (quoting *Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 739 (1981)); *see also* 29 U.S.C. §§ 202, 207(a). Congress designed the FLSA "to ensure that *each* employee covered by the Act would receive '[a] fair day's pay for a fair day's work' and would be protected from 'the evil of 'overwork' as well as 'underpay.'" *Barrentine*, 450 U.S. at 739 (emphasis in original). In doing so,

Congress sought to protect, "the public's independent interest in assuring that employees' wages are fair and thus do not endanger 'the national health and well-being.'" *Stalnaker v. Novar Corp.*, 293 F. Supp. 2d 1260, 1264 (M.D. Ala. 2003) (quoting *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945)).

If an employee proves that his employer violated the FLSA, the employer must remit to the employee all unpaid wages or compensation, liquidated damages in an amount equal to the unpaid wages, reasonable attorneys' fees, and costs. 29 U.S.C. § 216(b). "FLSA provisions are mandatory; the 'provisions are not subject to negotiation or bargaining between employer and employee.'" *Silva v. Miller*, 307 Fed. Appx. 349, 351 (11th Cir. 2009) (quoting *Lynn's Food Stores, Inc. v. U.S. ex. Rel. U.S. Dep't of Labor*, 679 F.2d 1350, 1352 (11th Cir. 1982)); *see also Brooklyn Sav. Bank*, 324 U.S. at 707. "Any amount due that is not in dispute must be paid unequivocally; employers may not extract valuable concessions in return for payment that is indisputedly owed under the FLSA." *Hogan v. Allstate Beverage Co., Inc.*, 821 F. Supp. 2d 1274, 1282 (M.D. Ala. 2011).

Consequently, parties may settle an FLSA claim for unpaid wages only if there is a bona fide dispute relating to a material issue concerning the claim. To compromise a claim for unpaid wages, the parties must "present to the district court a proposed settlement, [and] the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Lynn's Food Stores, Inc.*,

679 F.2d at 1353.[4]  "[T]he parties requesting review of an FLSA compromise must provide enough information for the court to examine the bona fides of the dispute." *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010).  "If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute," then a court may approve the settlement.  *Lynn's Food*, 679 F.2d at 1354; *see also Silva*, 307 Fed. Appx. at 351 (proposed settlement must be fair and reasonable).

---

[4] In *Lynn's Food*, the Eleventh Circuit Court of Appeals explained:

> [t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees.  First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them.  An employee who accepts such a payment supervised by the Secretary thereby waives his right to bring suit for both the unpaid wages and for liquidated damages, provided the employer pays in full the back wages.  The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness.

*Id.* at 1352-53 (footnotes omitted).  The Eleventh Circuit reiterated the import of *Lynn's Food* in *Nall v. Mal-Motels, Inc.*, 723 F.3d 1304 (11th Cir. 2013).

Based on the Court's review of the proposed settlement agreement in this action and the information that the parties submitted in writing and during the hearing on the parties' joint motion for settlement approval regarding the nature of their dispute and the terms of the proffered settlement, the Court finds that there is a bona fide dispute in this matter that supports the proposed settlement. The settlement proceeds represent a fair and reasonable compromise based on the existing evidence regarding unpaid minimum wages and overtime compensation.

## III. CONCLUSION

For the reasons stated above, the Court approves the parties' proposed FLSA settlement. The Court concludes that there is a bona fide dispute regarding the plaintiffs' FLSA claims and that the terms of the proposed settlement constitute a fair and reasonable resolution of that dispute. The Court asks the Clerk to please term Doc. 22 and Doc. 23. The Court will enter a separate order dismissing this case with prejudice.

**DONE** and **ORDERED** this November 24, 2015.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE